### IN THE UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF GEORGIA
### MACON DIVISION

| | | |
|---|---|---|
| **DE'KERIO COLEMAN,** | : | |
| | : | |
| Movant, | : | |
| | : | |
| v. | : | No. 5:22-cr-00009-CAR-CHW-5 |
| | : | Civil Case No.: 5:25-cv-38-CAR-CHW |
| **UNITED STATES OF AMERICA,** | : | |
| | : | Proceedings Under 28 U.S.C. § 2255 |
| Respondent. | : | Before the U.S. Magistrate Judge |
| | : | |

## ORDER

On February 15, 2024, the Court entered judgment against De'Kerio Coleman, sentencing him to a term of 220 months in prison following his plea of guilty to Count Two of the Indictment, charging him with distribution of fentanyl. (Doc. 548). Coleman did not appeal. He has now filed a motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255, but he has used the standard form application for leave to file a second or successive petition from the Eleventh Circuit Court of Appeals. (Doc. 657). The record shows this would be Coleman's first § 2255 motion.

The usual practice when a § 2255 motion is filed is for the Court to conduct an initial review in accordance with the provisions of Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts to determine if the § 2255 motion is subject to summary dismissal. The Court is unable to complete that determination because the form that Coleman used is not as thorough as the standard form for an original § 2255 form.

Coleman is therefore **ORDERED** to file a recast § 2255 motion to vacate on the standard form **within 30 days of the date of this order**, in which he must clearly enumerate <u>all</u> his grounds for habeas relief. If Coleman fails to recast his motion, the Court will accept the form he used as his § 2255 motion. Coleman will be presumed to have deliberately waived his right to complain

1

of any constitutional errors or deprivations other than those set forth in the original motion. The Clerk of Court is **DIRECTED** to provide Coleman with a copy of the required § 2255 form petition.

It is further **ORDERED** that the United States Attorney **RESPOND** to the claims raised in Coleman's recast motion if one is filed or the original filing if a recast petition is not filed, by filing an answer or other responsive pleading pursuant to Rule 5 of the Rules Governing Section 2255 Proceedings for the United States District Courts within **60 days** of the date of this order.

At this stage, Coleman is notified that the appropriate grounds for collateral review pursuant to § 2255 are extremely limited. *See Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004). A prisoner is generally entitled to relief under § 2255 if the sentence was imposed in violation of the Constitution or laws of the United States, the court was without jurisdiction to impose such sentence, the sentence was in excess of the maximum authorized by law, or the sentence is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255(a). Importantly, collateral review is not a substitute for direct appeal. *See Lynn*, 365 F.3d at 1232.

**SO ORDERED AND DIRECTED**, this 5th day of February, 2025.

                                                    s/ <u>Charles H. Weigle</u>
                                                   Charles H. Weigle
                                                   United States Magistrate Judge